**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **DAVID SMITH, SR.,** | : | |
| | : | **Civil Action No. 13-5829 (ES)** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **MEMORANDUM OPINION** |
| | : | |
| **STATE OF NEW JERSEY,** | : | |
| | : | |
| **Respondent.** | : | |
| | : | |

IT APPEARING THAT:

1. Petitioner David Smith, Sr. ("Petitioner"), an individual currently confined at Northern State Prison in Newark, New Jersey, filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (D.E. No. 9, Amended Petition ("Am. Pet.")).

2. After a jury trial in 2007, Petitioner was convicted of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). (D.E. No. 19, Respondent's Answer ("Answer"), Ex. 3). Petitioner was sentenced to eighteen years in prison, with an 85% period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2, on the sexual assault conviction, and a concurrent nine-year sentence on the endangering conviction. *Id.* He appealed and the Appellate Division affirmed Petitioner's conviction and sentence. *Id.* Petitioner did not file a petition for certification with the New Jersey Supreme Court.

3. On December 5, 2008, Petitioner filed a Petition for Post-Conviction Relief ("PCR"), but it was dismissed on May 6, 2009 because Petitioner's direct appeal was still pending. (Answer,

Exs. 4, 5). There are no records from the state court to support his position, however, Petitioner

contends that he had a PCR petition pending in state court from September 5, 2008 through June

7, 2013. (Am. Pet. 7).

    4. On September 23, 2013, Petitioner filed the original Petition in this matter. (D.E. No.

1). After several rounds of administrative terminations for failure to prepay the $5.00 filing fee or

submit an application to proceed *in forma pauperis*, Petitioner filed an Amended Petition. (D.E.

No. 9). On October 1, 2015, Respondent filed an Answer and on November 30, 2015, Petitioner

filed his Reply. (D.E. Nos. 19, 21).

    5. In his Amended Petition, Petitioner raises the following grounds for relief:

> 1. Thirteenth Amendment Violation Practice – Deprivation of all laws, and or defense's [sic] in defense of accusation's [sic].
>
> 2. Fouth [sic] amendment constitutional violation and unreasonable search and seizure – June 13, 2013, the unreasonable, unlawful taking of court evidence from Petitioner; by at least five (5) S.C.O. at Bayside State Prison.
>
> 3. Mechanical tampering; to manipulate a state judicial tribunal – the unlawfully [sic] taking of documented evidence conclusive and irrefutable of petitioner's rights; under state and federal law; of release of custody of petitioner.
>
> 4. Acting corruptly under color of flag – Import dress under state authority; five (5) cso took legal documented court evidence; Bayside State Prison on June 13, 2013.

    6. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

28 U.S.C. § 2254 provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> . . .

2

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . .

28 U.S.C. § 2254.

"§ 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *Glenn v. Wynder*, 743 F.3d 402, 406 (3d Cir. 2014). Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States."[1] *Id.*

7. In his first ground for relief, Petitioner alleges that his rights under the Thirteenth Amendment were violated because he was "deprived of defenses." As stated above, a district court has authority to issue a writ of habeas corpus on a petition filed by a prisoner in state custody solely on the ground that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In *United States v. Kozminski*, the Supreme Court held that:

> The primary purpose of the [Thirteenth] Amendment was to abolish the institution of slavery as it had existed in the United States at the

---

[1]     Though his claims are unexhausted, the Court may nevertheless dismiss them on the merits. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *see Carrascosa v. McGuire*, 520 F.3d 249, 255 n.10 (3d Cir. 2008) ("There is, however, a difference between granting an unexhausted habeas claim on the merits and denying such a claim on the merits, as recognized by the plain language of section 2254(b)(2).... Denying an unexhausted claim on the merits is consistent with the statute."); *Bronshtein v. Horn*, 404 F.3d 700, 728 (3d Cir. 2005) ("We would permit Bronshtein to attempt on remand to establish a reason to excuse his procedural default, but we find it unnecessary to do so because it is apparent that the claims in question lack merit. Under 28 U.S.C. § 2254(b)(2), we may reject claims on the merits even though they were not properly exhausted, and we take that approach here.").

3

> time of the Civil War, but the Amendment was not limited to that
> purpose; the phrase "involuntary servitude" was intended to extend
> to "cover those forms of compulsory labor akin to African slavery
> which in practical operation would tend to produce like undesirable
> results."

487 U.S. at 942 (1988) (quoting *Butler v. Perry*, 240 U.S. 328, 332 (1913)). Certainly, the

abolishment of slavery has no bearing on Petitioner's state criminal trial and conviction. To the

extent he argues that he was denied the right to present certain defenses, he does not identify any.

In addition, there is no indication of such a denial in the state court record. Petitioner is not entitled

to habeas relief on this ground.

8. In his remaining three grounds, Petitioner appears to allege that the taking of documents

and evidence from his prison cell by Bayside State Prison guards in 2013 violated his Fourth

Amendment rights. However, it is clear that any unlawful search and seizure in 2013 by prison

correctional officers does not provide Petitioner with any grounds for federal habeas relief from

his 2007 conviction. Moreover, there is no indication that there were any Fourth Amendment

issues at all in his criminal trial. Rather, it involved testimony from the victim, the victim's mother

and the victim's aunt for the prosecution and family member witnesses on behalf of Petitioner.

Because there were no Fourth Amendment issues which were raised or which appear to have

existed, Petitioner is not entitled to habeas relief on Grounds Two through Four of the Petition.

9. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of

appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §

2254. A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies

this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

      10.  For the above reasons, the § 2254 habeas petition is denied, and a certificate of appealability will not issue.[2] An appropriate order follows.

Dated: *March 16, 2017*

 

                                                     Esther Salas, U.S.D.J.

---

[2]    The Court notes that the Amended Petition may also be untimely. Under AEDPA, "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Relevant for purposes of this case, the limitations period begins to run when the judgment becomes "final." A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90–day period for filing a petition for writ of certiorari in the Supreme Court of the United States. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000). In cases where the defendant does not pursue a timely direct appeal, "the sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired." *Kapral v. United States*, 166 F.3d 565, 570 (3d Cir. 1998).

    Where applicable, the 1-year limitation period is tolled during the time that a valid state post-conviction review is pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

    Here, Petitioner did not file a petition for certification with the New Jersey Supreme Court. Therefore, his conviction became final and the statute of limitations began to run when his time to do so expired. *Kapral*, 166 F.3d at 570. According to the New Jersey Rules of Court, Petitioner had 20 days from the entry of judgment by the Appellate Division on May 26, 2010 to file his petition for certification. N.J. R.A.R 2:12-3(a). Since he failed to do so, his conviction became final and the statute of limitations began to run on June 16, 2010. The limitations period expired one year later, on June 16, 2011. Since Petitioner did not submit his habeas petition to this Court until September 28, 2013, his Petition was filed over two years beyond the 1-year limitations period. However, as noted above, Petitioner suggests in his filings that he had a PCR Petition pending with the state court until June 7, 2013. Respondent does not have a record of such a filing, but if Petitioner is correct, a properly filed PCR petition pending before the state court would statutorily toll the limitations period. Nevertheless, as discussed herein, the Amended Petition is wholly without merit and, therefore, the Court will not determine whether said PCR petition was in fact properly filed and pending until 2013.